J. J. BRISTOW *et al.*

*v.*

H. H. CATLETT *et al.*

92   17
162  193.

1. ORAL CONTEMPORANEOUS AGREEMENT *varying note.* An oral agreement, made at the time of the execution of a promissory note, that the same might be paid by a transfer of a certain patent right for the State of Iowa, can not be pleaded to vary the terms of the note.

2. COSTS—*in Supreme Court.* Where the only error in the record is obviated or cured by a *remittitur* of a part of the judgment in this court, the judgment will be affirmed, and all the costs accruing in this court to the date of entering the *remittitur* will be taxed to the appellee.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. EDEN & CLARK, and Messrs. SHINN & SMYSER, for the appellants.

Mr. J. MEEKER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on a promissory note. To the declaration, which is in the usual form, defendants pleaded two pleas: First, the general issue; and second, a special plea, in which it is set forth with sufficient precision, that the note declared on was given in renewal of other notes given for certain territory for a patent "washing machine," and in consideration thereof plaintiffs agreed and promised defendants to accept in full payment of the new note a certain interest in a patent right for "pruning shears," which interest was to include the State of Iowa, when the same should be issued to defendant Bristow, whose application was then pending before the commissioners of patents;    that afterwards such patent was issued to defendant, and, thereupon, defendants tendered to plaintiffs a good and sufficien. deed for such patent for the

territory embraced in the State of Iowa, and that they are still ready and willing to deliver the same.

Issue was joined on the first plea, and a demurrer interposed to the special plea, which was, by the court, sustained. Defendants elected to stand by their second plea, and, on the trial on the general issue, judgment was rendered in favor of plaintiffs for $731.25. The case is brought to this court by defendants by appeal. The principal question made is as to the decision of the court sustaining the demurrer to the special plea.

It will be observed it is not averred in the special plea there has been any failure of the consideration of the note which is the subject of litigation between the parties. According to the averments of the plea, it was given in renewal of a former note to which it is not alleged there was any defence. But the substance of the defence is, as set forth in the plea, that by contemporaneous oral agreement plaintiffs agreed to accept in payment of the new note an interest in a certain patent right for "pruning shears," which interest was to include all the territory of the State of Iowa. That was not the written agreement to which the parties had given their consent. The note, by its terms, was payable in money, and it is not understood how its terms could be changed or varied by contemporaneous oral agreement. If plaintiffs were indebted to defendants for a patent right or any thing else, it might have been pleaded as a set-off to anything that might be due to plaintiffs on the note in suit, but that was not done.

It is conceded the judgment rendered in the circuit court was in excess of the *ad damnum* in the declaration, but as a *remittitur* has now been entered, there is now no error in the record, and the judgment will be affirmed in the sum of $699.25.

As there was error in the record before the *remittitur* was entered, all costs accruing in the case to the date of entering the same will be taxed to appellees.

*Judgment affirmed.*